# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KYRAH HOLATA et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-24-363-G** |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

In this action, Plaintiffs Kyrah Holata and Tristen Wolf, parents and next of kin of A.W., a minor, bring claims under the Federal Tort Claims Act, alleging that Defendant United States, acting through its employees, negligently provided medical care to Plaintiff Holata and her daughter A.W. during A.W.'s birth, causing serious injury to A.W. *See* Compl. (Doc. No. 1). The case is presently set for trial on the Court's September 2026 nonjury docket.

Now before the Court is Defendant's Motion for Stay or Extension (Doc. No. 63). Defendant's Motion requests that the Court stay this action. *See* Def.'s Mot. at 1-7. In support, Defendant notes that A.W. has recently passed away and that Plaintiffs have now initiated administrative claims against the United States based upon A.W.'s allegedly wrongful death. *See id.*; Suggestion of Death (Doc. No. 61). Defendant asserts that, because these wrongful-death claims are related to Plaintiffs' pending negligence claims, this action should be stayed to allow administrative exhaustion of the new claims. Then, if the wrongful-death claims are not resolved at the administrative level, they can be

litigated and tried in this action along with the negligence claims.  *See* Def.'s Mot. at 3-4.

In their Response (Doc. No. 64), Plaintiffs oppose a stay, arguing that the parties should be permitted to continue engaging in discovery and that the wrongful-death claims will add "[n]othing new" to the instant case.  *Id.* at 5.

Having considered the "competing interests," matters of judicial economy, and other relevant factors, the Court will deny Defendant's request for a stay of proceedings at this time.  *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, No. CIV-08-776-F, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008).  While possible that a lawsuit will ultimately arise from the wrongful-death claims, it is also possible that those claims will be resolved at the administrative level or otherwise disposed of.  The Court will not entirely prevent Plaintiffs from pursuing their pending claims in the meantime.

Alternatively, Defendant asks the Court to issue a six-month extension of deadlines and continue the trial setting to "allow time for the administrative claims to be exhausted." Def.'s Mot. at 7.  Plaintiffs do not object to a reasonable extension of the current case deadlines.  *See* Pls.' Resp. at 5-6.  The Court finds that good cause has been shown to grant a five-month extension of the remaining deadlines in light of the ongoing administrative proceedings and other issues to be addressed by the parties.  *See* Fed. R. Civ. P. 16(b)(4).

CONCLUSION

As outlined herein, Defendant's Motion for Stay or Extension (Doc. No. 63) is GRANTED IN PART and DENIED IN PART.  A new scheduling order shall be issued separately.

2

IT IS SO ORDERED this 9th day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge